UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRADLEY JOSEPH CADIERE, SR. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-432 |
| HUNTINGTON INGALLS, INC., ET AL. | * | SECTION "A" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Bradley Joseph Cadiere's Motion for Leave to File Amended Complaint.  ECF No. 97.  Huntington Ingalls, Inc. (formerly Avondale Industries, Inc. and hereinafter "Avondale") timely filed an Opposition Memorandum.  ECF No. 103.  Plaintiff sought leave and filed a Reply Memorandum.  ECF Nos. 109-111.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's  Motion for Leave  (ECF No. 97) is GRANTED for the reasons stated herein.

I.    **BACKGROUND**

Plaintiff Bradley Cadiere filed suit on February 2, 2023, alleging that he contracted mesothelioma through bystander (secondary) and direct asbestos exposure resulting in an August 29, 2022 diagnosis.  ECF No. 1 ¶ 1 at 2. Plaintiff claims secondary exposure from his two uncles, brother, and stepfather, each of whom worked at Avondale, and direct exposure from his own work at Avondale from 1971-1975.  In his Complaint, Plaintiff expressly repudiated a direct asbestos exposure claim because of the "exclusivity provision of the Longshore and Harbor Workers Compensation Act ("LHWCA")."  *Id.* ¶ 7, at 4.

On June 12, 2023, the Fifth Circuit issued *Barrosse v. Huntington Ingalls, Inc.*, 70 F. 4th 315 (5th Cir. 2023), which addressed the LHWCA exclusivity provision.  Based on that decision,

1

Plaintiff now seeks leave to amend to assert a direct asbestos exposure claim.  ECF No. 97.  Plaintiff contends that his direct exposure claim falls within the narrowly constructed "twilight zone" between the LHWCA and the pre-1975 LWCA articulated by the Fifth Circuit in *Barrosse*, which zone precludes LHWCA preemption of direct occupational claims against employers.  ECF No. 97-1.  Addressing the Rule 15 factors, Plaintiff argues that his Amended Complaint is timely filed pursuant to the Scheduling Order and in light of the recent *Barrosse* decision, there is no bad faith or dilatory motive, he has not repeatedly failed to cure deficiencies by previous amendments, Avondale is not unduly prejudiced by the filing because discovery just began in this matter, and the amendment is not futile as Plaintiff meets the five criteria to fall within the limited category of state tort law claims that are not preempted.  *Id*. at 3-4.

Avondale opposes the amendment, arguing that *Barrosse* is not controlling as no mandate has been issued and Plaintiff should be judicially estopped from asserting "plainly inconsistent legal positions."  ECF No. 103.  In Reply, Plaintiff argues that he should not be estopped from asserting a direct claim based on the intervening change in the law and judicial estoppel cannot apply to his amendment because neither of the controlling requirements for judicial estoppel (i.e., a clearly inconsistent position that the party previously convinced the court to accept) apply.[1]  ECF No. 111 at 1-2.  Finally, Plaintiff asserts the *Barrosse* mandate issued on July 18, 2023.[2]  *Id*. at 3.

## II.  APPLICABLE LAW

### A.  Standard for Amendment

When a party seeks leave to amend before expiration of any deadlines for amendment, FED. R. CIV. P. 15(a) governs.  Under Rule 15(a)(2), the "court should freely give leave [to amend] when

---

[1] *United States v. McCaskey*, 9 F.3d 368 (5th Cir. 1993); *Hall v. GE Plastic Pac. PTE Ltd*., 327 F.3d 391 (5th Cir. 2003).
[2] *See* ECF No. 203 in 20-2042.

justice so requires."[3]  This inquiry requires the court to balance the difficult task of assuring a party

a fair opportunity to present his claims and defenses while at the same time protecting the district

court from being imposed upon by the presentation of theories seriatim.[4]  Given Rule 15(a)'s "bias

in favor of granting leave to amend," a court "must possess a 'substantial reason' to deny a

request."[5]  Courts regularly examine five considerations in determining whether to grant leave to

amend: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies

by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the

amendment.[6]  Absent a "substantial reason," such as any of the *Foman* factors, the court's

discretion "is not broad enough to permit denial."[7]

### B.  Judicial Estoppel

Judicial estoppel is an equitable doctrine that can prevent amendment where "intentional

self-contradiction is being used as a means of obtaining an unfair advantage in a forum provided

for suitors to seek justice."[8]  To determine whether judicial estoppel applies, courts consider three

factors: "(1) whether the party's later position is clearly inconsistent with its earlier position;

(2) whether the party has succeeded in persuading a court to accept that party's earlier position;

[and] (3) whether the party seeking to assert an inconsistent position would derive an unfair

---

[3] FED. R. CIV. P. 15(a).  Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend."  *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (internal quotations omitted) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility.  *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[4] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).

[5] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citations omitted).

[6] *Id.* at 595 (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[7] *Mayeaux*, 376 F.3d at 425  (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S.  of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872.

[8] *In re Save Our Springs (S.O.S.) Alliance, Inc.*, 632 F.3d 168, 175 (5th Cir. 2011) (quoting *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir.2008) (citing *Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 334–35 (5th Cir. 2004))).

advantage or impose an unfair detriment on the opposing party if not estopped."[9]  As judicial estoppel is an equitable doctrine, and the decision of whether to invoke it is within the court's discretion, such a decision is reviewed for abuse of discretion.[10]

## III.   ANALYSIS

Initially, the Court notes that the *Barrosse* decision is binding as of the date of this decision.[11]  Applying the Rule 15 factors, Plaintiff's proposed amendment does not create unfair surprise, is not motivated by bad faith or dilatory motive, is not futile, and the amendment is sought within "a pragmatically sufficient time" as Plaintiff filed his motion for leave to file same before the July 17, 2023 amendment deadline set forth in the governing Scheduling Order.  *See* ECF No. 92 at 2.  Finally, Plaintiff's new claim would not unfairly prejudice Avondale at this early stage of litigation.  Thus, this Court does not have a "substantial reason" to permit denial of the motion.

Likewise, Avondale's suggestion that Plaintiff is barred by judicial estoppel is misplaced. Plaintiff does not seek to add an inconsistent claim nor does he take an inconsistent position. Indeed, Plaintiff factually alleged his direct exposure in his original Complaint.  At that time, however, he expressly repudiated a direct claim against his former employer based on the then-current precedent holding same preempted.[12]  Now, in light of *Barrosse*, Plaintiff seeks to add a claim that had previously been deemed preempted.[13]  Moreover, even if Plaintiff's proposed amendment contradicted an earlier position (which it does not), Plaintiff did not persuade the court to accept that earlier position as no dispositive motions have been decided, or even filed, to date.

---

[9] *Id.* (quoting *Peoples State Bank v. Gen. Elec. Capital Corp.* (*In re Ark-La-Tex Timber Co.*), 482 F.3d 319, 322 (5th Cir. 2007 (citing *New Hampshire v. Maine*, 532 U.S. 742, 750–51, 121 (2001))).

[10] *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 572 (5th Cir. 2015) (citing *Kane*, 535 F.3d at 384 (internal citation omitted); *accord U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 766 Fed. App'x 38, 40-41 (5th Cir. 2019).

[11] *See* FED. R. APP. P. 41(b-(c). *Compare with Ragusa v. La. Ins. Guaranty Assoc.*, No. 21-1971, ECF No. 828 (E.D. La. June 29, 2023) (Barbier, J.) (denying motion based on *Barrosse* decision because mandate had not yet issued). In contrast, the *Barrosse* mandate issued on July 18, 2023, before this decision.

[12] ECF No. 1 ¶ 7, at 4.

[13] *Id.; see also* ECF No. 111 at 2.

**IV.**   <u>**CONCLUSION**</u>

Considering the relevant Rule 15(a) factors, this Court cannot find that there is a "substantial reason" to deny Plaintiff' request for leave to file an Amended Complaint.  Nor is Plaintiff's amended complaint barred by judicial estoppel.  Accordingly,

IT IS ORDERED that Plaintiff's Motion for Leave to Amend (ECF No. 97) is GRANTED.

IT IS FURTHER ORDERED that the Clerk file Plaintiff's Proposed Amended Complaint (ECF No. 97-3) into the court record.

New Orleans, Louisiana, this ____20th____ day of July, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE